618 So.2d 562 (1993)
Carl Russ BILLINGSLEY, Appellant,
v.
Carla Rene Crawford BILLINGSLEY, Appellee.
No. 24697-CA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1993.
*563 William H. Cook, Jr., Egan & Cook, Shreveport, for appellant.
Darrell R. Avery, Teat & Avery, Jonesboro, for appellee.
Before HIGHTOWER, STEWART and WILLIAMS, JJ.
WILLIAMS, Judge.
In this divorce action, the appellant, Carl Russ Billingsley, appeals the trial court's judgment which awarded Carla Rene Crawford Billingsley $300 per month in permanent alimony. We find no clear error in the trial court's judgment and we affirm.

FACTS
Carla and Carl Billingsley were married in Ruston, Louisiana, on February 14, 1982, and established their matrimonial domicile in Caddo Parish, Louisiana. On August 21, 1987, Carl Billingsley was arrested for engaging in sexual intercourse with minor females. On March 30, 1988, he pled guilty to the charge of carnal knowledge of a juvenile and received a suspended five-year prison sentence.
In February 1988, Carla and Carl moved to Eros, Louisiana where they lived together until September 19, 1989, when Carl moved away from the matrimonial domicile. On May 17, 1990, Carl obtained a legal separation based on the parties having *564 lived separate and apart for one year. On November 15, 1990, Carl obtained a divorce by default judgment.
Carla Billingsley brought this rule for alimony on December 20, 1991. At the trial on the issue of fault, both parties gave their respective versions of the cause or causes of their separation. Carla Billingsley testified that Carl's criminal behavior created severe problems and conflict in their marriage. Because of the publicity involved, Mrs. Billingsley was fired from her job in Shreveport and the couple was forced to move to Eros. Although she tried to work on the marriage, an ongoing civil suit arising out of the husband's criminal charges prompted arguments between the couple. Eventually, Mr. Billingsley left the marital home.
She recalled that throughout their marriage, they both enjoyed attending rodeo events. After the couple was forced to move to Eros, however, Mr. Billingsley refused to accompany his wife to any of these events. During this time, Mrs. Billingsley attended several events with one Victor Mitchell. She testified that her husband was aware of and did not care about her friendship with Mitchell. She also admitted she had a romantic relationship with Jerry Don Galloway, after her husband left home, but before the judgment of separation. She denied, however, that the relationship was a cause in the breakup of the marriage.
Mr. Billingsley testified that he and his wife fought continuously throughout the marriage. After he became aware of his wife's friendship with Victor Mitchell, he asked her to stop seeing him. Her refusal to do so prompted him to move out of their home. Mrs. Billingsley denied that her husband ever objected to the friendship. At trial, Mr. Billingsley testified that he had taped a telephone conversation between Mrs. Billingsley and Mr. Mitchell wherein they made statements intimating a sexual relationship between them. However, no tape was introduced into evidence; Mr. Billingsley stated that he had destroyed it.
After the trial, Mr. Billingsley was ordered to pay Mrs. Billingsley post-divorce alimony in the sum of $300 per month. In its reasons for judgment, the trial court found Mr. Billingsley's criminal behavior was the singular event which caused the matrimonial relationship to end. It further held that Mrs. Billingsley was entitled to permanent alimony.
On appeal, Mr. Billingsley argues the trial court erred in finding Mrs. Billingsley free from fault in light of the evidence that proved she was involved in a suspiciously romantic relationship with a man named Victor Mitchell and an admitted romantic relationship with another man, Jerry Don Galloway.

DISCUSSION
When, as here, a divorce is granted based on living apart for one year, the wife is entitled to permanent alimony only if she is free from fault and is without sufficient means for her support. The burden of proof is on the claimant. LSA-R.S. 9:301; LSA-C.C. Art. 160.[1]See LeBlanc v. LeBlanc, 362 So. 568 (La.1978); Green v. Green, 567 So.2d 139 (La.App. 2d Cir.1990); Wynn v. Wynn, 513 So.2d 489 (La.App. 2d Cir.1987).
A spouse who petitions for alimony, however, need not be totally blameless in the marital discord. Only misconduct of a serious nature, providing an independent contributory or proximate cause of the breakup, equates to legal fault. Adams v. Adams, 389 So.2d 381 (La.1980); Pearce v. Pearce, 348 So.2d 75 (La.1977); Taylor v. *565 Taylor, 579 So.2d 1142 (La.App. 2d Cir. 1991); Green, supra; Wynn, supra.
In this case, Mr. Billingsley contends that the evidence of Mrs. Billingsley's conduct during the marriage established fault disqualifying her for permanent alimony. Yet, the trial court found her actions did not constitute fault, and unless clearly wrong that determination will not be disturbed on appeal. Pearce, supra; Green, supra; Thibodeaux v. Thibodeaux, 525 So.2d 69 (La.App. 3d Cir.1988).
In its oral reasons for judgment, the trial court negated the actions of Mrs. Billingsley as constituting fault in the breakup of the marriage.
It is well established that post-separation fault on the part of one spouse will preclude that spouse from seeking permanent alimony from the other spouse. Vaughn v. Vaughn, 487 So.2d 681 (La.App. 5th Cir.1986); Zeringue v. Zeringue, 479 So.2d 443 (La.App. 1st Cir.1985); Rutherford v. Rutherford, 452 So.2d 432 (La.App. 3d Cir.1984). However, in order to preclude an award of permanent alimony, the post-separation fault must be of the magnitude that it would, if standing alone, constitute grounds for divorce. Adams, supra; Zeringue, supra. Post-separation adultery has uniformly been held to be fault of such magnitude that it would preclude permanent alimony. Zeringue, supra; Roberts v. Roberts, 519 So.2d 229 (La.App. 5th Cir. 1988).
Adultery is a serious allegation. It may be established by circumstantial evidence which leads fairly and necessarily to the conclusion that adultery has been committed. The evidence is to be viewed in light of "experiences and observations of life." The fact that a man and a woman are alone together does not necessarily justify presuming that it is for sexual relations. See Kendrick v. Kendrick, 232 La. 1104, 96 So.2d 12 (1957), and cases cited therein; Wynn, supra.
The trial court's findings concerning evidence of adultery, which is a factual issue, depend heavily on credibility evaluations which are entitled to "very substantial weight" on review. Pearce v. Pearce, supra. Factual findings will not be disturbed on appeal unless they are clearly wrong, meaning that there is no reasonable basis in the record to support them. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
After hearing the evidence in the instant case, the trial court concluded the testimony established by a preponderance of the evidence that Mr. Billingsley had pled guilty to two counts of having elicit relationships with juveniles and that Mrs. Billingsley testified to having a romantic relationship with a friend after the parties physically separated.
The record contains testimony establishing that at some time after the parties' physical separation, Mrs. Billingsley became "romantically involved with" or "started dating" Jerry Don Galloway. They went to rodeos and various events on a "girlfriend-boyfriend" basis. The record contains absolutely no testimony that Mrs. Billingsley and Galloway were engaged in a sexual relationship. Although counsel for Mr. Billingsley propounded questions to Mrs. Billingsley on cross-examination, he never asked whether she had actually been sexually involved with Galloway. Further, there was no evidence presented to indicate that the terms "romantically involved" and "sexually involved" were used synonymously by Mrs. Billingsley during her testimony.
Contrary to Mr. Billingsley's assertions in brief, there is no clear and convincing evidence of adultery on the part of Mrs. Billingsley. The evidence supports the trial court's findings, which we do not disturb.

DECREE
At Mr. Billingsley's cost, the judgment is affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 9:301 was repealed by Acts 1990, No. 1009, § 9, effective January 1, 1991. New LSA-R.S. 9:301 was enacted by Acts 1990, No. 1009, § 7, effective January 1, 1991.

LSA-C.C. Art. 160 was redesignated as Article 112 by the Louisiana State Law Institute pursuant to Acts 1990, No. 1008, § 8, and Acts 1990, No. 1009, § 10, both effective January 1, 1991.
In the instant case, the legal separation and divorce were obtained in May, 1990 and November, 1990, respectively. Thus, the pre-revision law must be applied to the facts and legal issues presented here.