JjPER CURIAM.
In our previous decision in this case, Allen v. Allen, 642 So.2d 202 (La.App. 2d Cir.1993), we found that Mildred Allen’s fault barred her permanent alimony demand. Additionally, after reversing the trial court’s summary judgment that determined the parties’ prenuptial contract to be valid, we remanded for additional proceedings regarding marital property rights. Finally, concerning alimony pendente lite, a rehearing panel increased the former wife’s award to $3,000 per month. Thereafter, the supreme court reversed on the fault issue and remanded for this court to “award appropriate permanent alimony.” See Allen v. Allen, 94-1090 (La. 12/12/94), 648 So.2d 359. Other aspects of our original opinions, however, remain intact.
Discussion
Permanent periodic alimony may be granted when a husband or wife has not been at fault and does not possess sufficient means for support. LSA-C.C. Art. 112. The factors considered in determining the amount of such an award are: (a) the income, means, and assets of the spouses; (b) the liquidity of their assets; (c) the financial obligations of *170 the spouses, including their earning capacity; (d) any effect of child custody upon earning capacity; (e) the time necessary for the recipient to acquire appropriate education, training, or employment; (f) the health and age of the parties; and (g) any other relevant circumstances. LSA-C.C. Art. 112(A)(2). For a discussion of the application of these parameters, see Wade v. Wade, 25,942 (La. App. 2d Cir. 08/17/94), 641 So.2d 989; Currier v. Currier, 599 So.2d 456 (La.App. 2d Cir.1992); Green v. Green, 567 So.2d 139 (La.App. 2d Cir.1990).
Although, in most instances, judicial economy dictates that appellate courts award alimony based on the record presented, we conclude that fairness and the interests of justice demand otherwise in this case. See generally Mathews v. Mathews, 614 So.2d 1287 (La.App. 2d Cir.1993). As stated, we previously remanded the prenuptial agreement contest and the interrelated marital property issue. In all probability, a resolution of these matters will significantly impact Mrs. Allen’s financial status, potentially including her right to remain in the former matrimonial residence. Such ^factors, of course, should be appropriately considered in determining a reasonable alimony award.
Furthermore, as noted by the supreme court, Mrs. Allen has continued to pursue her long-pending claim for Social Security disability benefits. Inasmuch as this administrative matter has now likely been resolved, any income from this pension source should be treated as “means or assets” for alimony purposes. Wade v. Wade, supra; Robinson v. Robinson, 412 So.2d 633 (La.App. 2d Cir.1982). Similarly, almost two and one-half years have elapsed since the trial producing the financial data within this record. In Scott v. Scott, 197 La. 726, 2 So.2d 193 (1941), the supreme court found three-year-old evidence inadequate for an intelligent resolution of alimony issues.
Accordingly, we find a further remand appropriate in this case for the trial judge to award reasonable alimony, after determining the present financial condition of both the parties and resolving the prenuptial agreement contest. Any additional evidence, however, should be limited to those facts arising since the earlier proceedings below. Our previous grant of alimony pendente lite, of course, will continue until a permanent award is rendered.
Conclusion
For these reasons, we remand the matter to the district court for an award of reasonable alimony to Mildred Allen in a manner consistent with this and the controlling appellate opinions previously rendered herein. Costs of the appeal are assessed to plaintiff.
REMANDED.