691 So.2d 834 (1997)
Cinda Olson McLAUGHLIN, Plaintiff-Appellee,
v.
Joseph Craig McLAUGHLIN, Defendant-Appellant.
No. 29313-CA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1997.
*835 Kneipp & Hastings by Donald L. Kneipp, Linda K. Ewbank, Monroe, for Defendant-Appellant
Loomis & Dement by Albert E. Loomis, III, Monroe, for Plaintiff-Appellee.
Before NORRIS, HIGHTOWER and CARAWAY, JJ.
NORRIS, Judge.
Joseph Craig McLaughlin appeals a judgment awarding his former wife, Cinda Olson McLaughlin, $300 per month in permanent alimony. For the following reasons, we affirm.

Factual background
Mr. and Mrs. McLaughlin were married on July 12, 1986. One child, Craig, was born of the marriage on December 21, 1988. Mrs. McLaughlin also has two sons from a prior marriage, ages 15 and 19 at the time of the hearing, who lived with her and Mr. McLaughlin. The couple's last matrimonial domicile was located in Ouachita Parish.
On April 13, 1995, Mrs. McLaughlin filed a petition for divorce pursuant to La.C.C. art. 102 seeking joint custody of their son, child support, and permanent alimony of $1,500 per month. A judgment of divorce was rendered on December 8, 1995, terminating the community retroactive to the date of Mrs. McLaughlin's filing. The parties then proceeded to trial on the fault issue.
Mrs. McLaughlin testified that she requested her husband to leave because of his marijuana use and his habit of staying out late and coming home intoxicated. After she told him to seek help for his drug abuse or leave, she claimed that Mr. McLaughlin chose to leave. Mrs. McLaughlin testified that he showed no interest in reconciliation after they separated on March 1, 1995.
*836 Mr. McLaughlin admitted to occasionally smoking marijuana and providing it to his stepson, Jason Bratton, Mrs. McLaughlin's oldest child from her prior marriage. Jason was 17 years old at the time. However, Mr. McLaughlin denied that Mrs. McLaughlin ever suggested that he get counseling for his drug abuse. Mr. McLaughlin blamed the couple's marital problems on Mrs. McLaughlin's refusal to either seek employment or to improve her housekeeping skills. He testified that he left the matrimonial domicile at Mrs. McLaughlin's request and never considered reconciliation.

Trial court ruling
On May 31, 1996, the trial court issued a written ruling finding that Mrs. McLaughlin was free from fault in causing the dissolution of the marriage despite Mr. McLaughlin's unpersuasive attempt to place fault on her. Instead, the court opined that the primary cause of their separation was Mr. McLaughlin's recreational use of marijuana and Mrs. McLaughlin's refusal to tolerate such conduct.
The trial court also noted that Mrs. McLaughlin had very limited income from her seasonal employment at a fireworks stand and suffered from a congenital kidney problem. However, despite Mrs. McLaughlin's claim that her condition prevented her from working full-time, the court determined that she was capable of minimum wage type work and fixed the permanent alimony at $300 per month. A judgment consistent with the ruling was signed on June 25, 1996.
Mr. McLaughlin appeals, raising three assignments of error. First, he contends that the trial court erred in finding Mrs. McLaughlin free from fault in the break up of the marriage. Second, Mr. McLaughlin argues that the court erred in not determining Mrs. McLaughlin had sufficient means of support in light of her present earnings and earning capacity. Finally, he alleges that the trial court considered neither the reasonableness of Mrs. McLaughlin's expenses, nor the jurisprudence concerning what expenses should be considered in calculating a permanent alimony award.

Applicable law
La.C.C. art. 112A provides that the court may grant a spouse permanent periodic alimony when that spouse has not been at fault and does not possess sufficient means for support. Allen v. Allen, 25,281 (La.App. 2d Cir. 4/5/95), 653 So.2d 169, review denied, 95-1414 (La. 9/29/95), 660 So.2d 853. The burden of proof is upon the claimant to show that he or she is without fault. Currier v. Currier, 599 So.2d 456 (La.App.2d Cir.1992). Under Article 112, legal fault contemplates conduct or substantial acts of commission or omission by the claimant in violation of his or her marital responsibilities. The claimant's misconduct must be of a serious nature and an independent contributory or proximate cause of the marriage's dissolution. Unkel v. Unkel, 26,650 (La.App.2d Cir. 3/1/95), 651 So.2d 382.
Fault precluding alimony continues to include the grounds enumerated in former La.C.C. art. 138 (adultery; conviction of a felony; habitual intemperance or excesses; cruel treatment or outrages; public defamation; abandonment; an attempt on the other's life; status as a fugitive; and intentional non-support), and is not limited to the fault grounds currently listed in La.C.C. art. 103 (adultery or a felony conviction). Briscoe v. Briscoe, 25,955 (La.App. 2d Cir. 8/17/94), 641 So.2d 999. In order to preclude an award of permanent alimony, postseparation fault must be of the magnitude that it would, if standing alone, constitute grounds for divorce. Post-separation adultery has uniformly been held to be fault of such magnitude that it would preclude permanent alimony. Billingsley v. Billingsley, 618 So.2d 562 (La.App.2d Cir.1993).
The claimant spouse, however, need not be totally blameless in the martial discord. Because fault is a factual finding turning largely upon a trial court's evaluations of credibility, it will not be disturbed on appeal unless manifestly erroneous. Briscoe, supra.
In order to be eligible for permanent alimony, the claimant also must prove necessitous circumstances. La.C.C. art. 112A; Guillory v. Guillory, 626 So.2d 826 (La. App.2d Cir.1993). Permanent alimony is *837 awarded to a former spouse in need and is limited to an amount sufficient for the former spouse's maintenance. Maintenance includes food, shelter, clothing, transportation, medical and drug expenses, utilities, household maintenance, and income tax liability generated by alimony payments. Settle v. Settle, 25,643 (La.App.2d Cir. 3/30/94), 635 So.2d 456, writ denied, 94-1340 (La. 9/16/94), 642 So.2d 194.
In deciding the claimant's entitlement to permanent alimony, the court shall consider his or her earning capacity, in light of all other circumstances. La.C.C. art. 112A(3). The factors considered in determining the entitlement and amount of a permanent award are found in La.C.C. art. 112A(2):
(a) The income, means, and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouse's earning capacity;
(e) The time necessary for the recipient to acquire appropriate education, training, or employment;
(f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.

Discussion: Mrs. McLaughlin's freedom from fault
Mr. McLaughlin contends that Mrs. McLaughlin was not free from fault because she took a trip with a married man during the post-separation, pre-divorce period. Mrs. McLaughlin admitted at trial that after separating from Mr. McLaughlin, she accompanied her brother-in-law, John Growl, to Disney World in Orlando along with his daughter and her three sons. Mr. Growl was separated from Mrs. McLaughlin's sister at the time. However, Mr. Growl testified that he offered to take Mrs. McLaughlin and her children on the trip to provide company for his daughter, and that he and Mrs. McLaughlin stayed in separate hotel rooms throughout the trip. Mrs. McLaughlin's son, Jason Bratton, corroborated Growl's testimony. As there was no evidence of a sexual relationship between Mrs. McLaughlin and Growl, we find that this trip does not amount to alimony-precluding fault. See Billingsley, supra.
Mr. McLaughlin also argues that Mrs. McLaughlin's constant, unsubstantiated accusations of adultery should be considered cruel treatment sufficient to render her not free from fault. Mrs. McLaughlin testified that she suspected Mr. McLaughlin was having an extramarital affair because she found condoms in his travel bag and his pockets. However, Mr. McLaughlin denied committing adultery and explained that he kept the condoms because Mrs. McLaughlin had periodic outbreaks of the herpes virus.
Mere accusations of an illicit affair do not constitute alimony barring fault. See Adams v. Adams, 389 So.2d 381 (La.1980); Baxter v. Baxter, 607 So.2d 823 (La.App. 1st Cir.1992). Further, to be legal fault, the acts or omissions must be an independent contributory or proximate cause of the marriage's dissolution. Unkel, supra. At trial, Mr. McLaughlin did not testify that Mrs. McLaughlin's accusations caused the dissolution of the marriage. Accordingly, we do not view such accusations as alimony-precluding fault.
A trial court's decision regarding fault is a factual finding based on its determination of credibility and, as such, will not be disturbed absent a finding of manifest error. Briscoe, supra. We find the trial court's conclusions that the basic cause of the separation was Mr. McLaughlin's recreational use of marijuana, and that Mrs. McLaughlin was free from fault, were not manifestly erroneous. This assignment of error is without merit.

Insufficient means of support
Mr. McLaughlin also contends that the trial court erred in not determining Mrs. McLaughlin had sufficient means of support in light of her present earnings and earning capacity. Mrs. McLaughlin, age 40, has a high school education and worked full-time at K-Mart prior to this marriage. At the time *838 of trial, she was employed seasonally at a family-owned fireworks stand earning approximately $2000 a year, but had no fulltime employment. Mrs. McLaughlin testified that she had been seeking employment since the separation and hoped to find a fulltime job. She stated that she had recently turned down a job offer at K-Mart because it would have required her to work the night shift, thereby preventing her from being at home with her children. Mrs. McLaughlin also has a congenital kidney condition which she testified prevented her from standing for long periods of time.
The trial court found that Mrs. McLaughlin was capable of minimum wage work despite her claims of health problems. Although Mrs. McLaughlin testified that she was searching for a job, she still was not employed and therefore not self-sufficient at the time of trial. Difficulty in finding employment suitable for the spouse's age, training and ability is a proper consideration in setting permanent alimony. Fountain v. Fountain, 93-2176 (La.App. 1st Cir. 10/7/94), 644 So.2d 733. The effect of custody of the children of the marriage upon the spouse's earning capacity and a party's obligation to care for dependent children are also considerations. La.C.C. art. 112A(2)(d) and (f). In light of the above factors, we find no manifest error in the trial court's conclusion that Mrs. McLaughlin did not have sufficient means of support at the time of trial.

Mrs. McLaughlin's expenses
Finally, Mr. McLaughlin alleges that the trial court considered neither the reasonableness of Mrs. McLaughlin's expenses, nor the jurisprudence concerning what expenses should be included in calculating permanent alimony. He contends that Mrs. McLaughlin included her children's expenses in her affidavit of monthly expenses and included some items which should not have been considered in the calculation.
A trial court has much discretion in fixing alimony awards and its rulings will not be disturbed absent a manifest abuse of discretion. Guillory, supra. The trial court's ruling does not specify how it determined the award of $300 per month. However, after reviewing the record, we determine that this amount is not an abuse of discretion.
Mrs. McLaughlin submitted an affidavit of monthly expenses in the total amount of $2,381. At trial, she testified that she has reduced her car insurance premium by $40 a month which would reduce her total expenses to $2,341 per month. Mrs. McLaughlin receives $541 per month in child support from her first husband and $429 per month in child support from Mr. McLaughlin. She earns $2,000 per year (or $166.66 per month) at her job at the fireworks stand. Thus, her total means of support is $1,136.66 per month.
Mr. McLaughlin argues that the following expenses are excessive or should not be considered in determining permanent alimony:

Car insurance (includes insurance for
her two sons
from her prior marriage) $233
Life insurance $ 50
Entertainment expenses $ 50
Cable television service $ 40
Clothing $400
Phone $ 50
_____ ____
Total $823

We agree that entertainment expenses and cable television service are not for a spouse's maintenance and thus should not be considered in fixing permanent alimony. Guillory, supra; Richard v. Richard, 527 So.2d 481 (La.App. 5th Cir.1988). Also, to the extent the claimed insurance premium covers her sons of the prior marriage, this expense is not her maintenance. Further, Mrs. McLaughlin's $400 monthly clothing expense, if attributable to her alone and not her children, is apparently excessive. However, even if we were to deduct all of the total contested amount from Mrs. McLaughlin's expenses, her remaining expenses would still exceed her means by $381.34.[1] Accordingly, the trial court's award of $300 per month is not excessive and is not an abuse of its discretion.

*839 Conclusion

For the foregoing reasons, we affirm the trial court's award of $300 monthly permanent alimony to Cinda Olson McLaughlin. Costs of this appeal are assessed to the appellant, Joseph Craig McLaughlin.
AFFIRMED.
NOTES
[1] 2341.00 Expenses
 -823.00 Contested expenses
 _______
$ 1518.00 Total expenses
 -1136.66 Income
 ________
$ 381.34 Difference