715 So.2d 90 (1998)
Thomas Kenneth FALTYNOWICZ, Plaintiff-Appellee,
v.
Sonja Kaye Henrickson FALTYNOWICZ, Defendant-Appellant.
No. 30605-CA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1998.
*92 James H. Askew, Shreveport, for Appellant.
J. Philip Goode, Jr., Bossier City, for Appellee.
Before HIGHTOWER, GASKINS and CARAWAY, JJ.
GASKINS, Judge.
Sonja Faltynowicz appeals from a trial court judgment awarding her $250.00 per month in post divorce alimony, arguing that the amount awarded is excessively low. For the following reasons, we affirm the trial court judgment.

FACTS
Thomas Kenneth and Sonja Faltynowicz were married October 15, 1973, in South Dakota. Mr. Faltynowicz was in the Air Force and retired from that branch of the service three years after the marriage. The parties settled in Bossier City in 1974, and following his retirement, Mr. Faltynowicz became employed with the United States Postal Service. No children were born of the marriage. Mr. Faltynowicz left the matrimonial domicile on March 11, 1996 and filed for divorce under La. C.C. art. 102 on March 18, 1996. On March 28, 1996, Mrs. Faltynowicz filed for incidental relief, asking for use of the family home and an automobile. She also requested alimony pendente lite.
On July 2, 1996, the trial court granted judgment on the rule in favor of Mrs. Faltynowicz, awarding her alimony pendente lite in the amount of $600.00 per month. For additional support, she was also awarded the exclusive use of the net monthly military retirement benefits in the approximate sum of $650.00, the use of the family home and an automobile.
On October 10, 1996, a judgment of divorce was rendered. Mrs. Faltynowicz filed a rule for permanent alimony, claiming that she was free from fault in the breakup of the marriage and that she was in necessitous circumstances. A hearing on the rule was held on January 7, 1997.
The parties were both approximately 58 years old and had been married for almost twenty three years. During that time, Mr. Faltynowicz was the primary wage earner and Mrs. Faltynowicz was a homemaker and worked in the real estate business. On the issue of fault, Mr. Faltynowicz testified that his former wife moved out of their bedroom approximately eight years before he left and had denied him marital relations. She claimed that she moved out of the bedroom due to his snoring. He also stated that he had stopped smoking, but she refused to do so and frequently had friends over who also smoked in the house. He further complained that the house was constantly cluttered with real estate materials his former wife used in her employment.
Regarding earning capacity, at the hearing, it was shown that in the 1950s, Mrs. Faltynowicz had attended a two year teacher's college in South Dakota and received a teaching certificate. She then taught school for seven years. From 1968-1969, she received *93 on the job training as a respiratory therapist and was employed in that profession when she and Mr. Faltynowicz married. They moved to Louisiana in 1974 and she never became licensed in this state as either a teacher or a respiratory therapist. In 1975, Mrs. Faltynowicz obtained a real estate agent's license and she has been employed in the real estate business since that time, even though she claimed not to make much money in that pursuit. She stated that she earned approximately $300.00 per month from her real estate work. It was also shown that Mrs. Faltynowicz had obtained a notary license and a paralegal certificate, even though she never was employed in either capacity.
Mrs. Faltynowicz testified at the hearing that she injured her back in an automobile accident in 1987 and that she has degenerative disc disease which requires that she take aquatic therapy. She contends that as a result of her physical condition, she cannot sit or stand for long periods of time. She also claimed to be taking medication for anxiety attacks. Mrs. Faltynowicz received a settlement for $17,000.00 from the auto accident which was placed in an interest bearing account.
She sought to show at the hearing that her former husband has a gross monthly income of $4,597.07, excluding interest income and winnings from gambling. His monthly expenses are $1,369.00 per month. She claimed her monthly expenses are $1,572.32.
In written reasons for judgment, the trial court found Mrs. Faltynowicz to be free of fault in the break up of the marriage, but only by the slimmest of margins. The court also found that Mrs. Faltynowicz could earn significantly more than she does now from real estate and that she should be required to use some of her liquid assets for her living expenses. The court found the amount of $250.00 per month sufficient to provide the basic necessities for Mrs. Faltynowicz if she diligently applies herself to earning additional income. A judgment awarding the $250.00 per month in permanent alimony was filed May 23, 1997. Mrs. Faltynowicz appealed the trial court judgment.

PERMANENT ALIMONY
On appeal, Mrs. Faltynowicz argues that the trial court erred in awarding an excessively low amount in post divorce alimony and erred in finding that she was able to earn additional income. We find these arguments to be without merit.
The award of alimony after divorce is governed by La. C.C. art. 112 which provides in pertinent part:
A. (1) When a spouse has not been at fault and has no sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse.
(2) In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The income, means, and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouse's earning capacity;
(e) The time necessary for the recipient to acquire appropriate education, training, or employment;
(f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
(3) In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
(4) Permanent periodic alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been *94 awarded remarries or enters into open concubinage.[1]
This article provides that a court may grant a spouse permanent periodic alimony when that spouse has not been at fault and does not possess sufficient means for support. McLaughlin v. McLaughlin, 29,313 (La.App. 2d Cir. 4/2/97), 691 So.2d 834. Permanent alimony is awarded to a former spouse in need and is limited to an amount sufficient for maintenance, as opposed to continuing an accustomed style of living. Factors to consider in determining whether an ex-spouse is in need of alimony include her income, means, earning capacity, assets, the liquidity of the assets, her financial obligations, her health and age and any other circumstances deemed relevant by the court. Settle v. Settle, 25,643 (La.App. 2d Cir. 3/30/94), 635 So.2d 456, writ denied 94-1340 (La.9/16/94), 642 So.2d 194.
The claimant spouse has the burden of proving necessitous circumstances or insufficient means for his or her maintenance. Green v. Green, 567 So.2d 139 (La. App. 2d Cir.1990); Guillory v. Guillory, 626 So.2d 826 (La.App. 2d Cir.1993); McLaughlin v. McLaughlin, supra. An award for maintenance or basic necessities includes reasonable expenses for food, shelter, clothing, transportation, medical care, and income tax liability caused by alimony payments. Brewton v. Brewton, 30,134 (La.App. 2d Cir. 1/21/98), 705 So.2d 799. Permanent alimony has not been interpreted to include expenditures for newspapers, gifts, recreation, vacation and church tithes. Guillory v. Guillory, supra. The test for expenses for post-divorce alimony is their reasonableness and necessity under La. C.C. art. 112. Preis v. Preis, 93-569 (La.App. 3d Cir. 2/2/94), 631 So.2d 1349.
A spouse's earning capacity is a proper consideration in awarding alimony to that spouse. However, earning capacity is only one consideration, and taken alone, it is not a proper basis for rejecting an award of alimony. It does not necessarily follow that a spouse should be required to take employment of any nature immediately following divorce; difficulty in finding employment suitable for the spouse's age, training, and ability is also a proper consideration. Fountain v. Fountain, 93 2176 (La.App. 1st Cir. 10/7/94), 644 So.2d 733; McLaughlin v. McLaughlin, supra.
A support claimant is not required to deplete assets entirely, but may be required to deplete liquid assets to some extent, before being entitled to support payments. Settle v. Settle, supra. However, a spouse is not required to sell non-liquid assets in order to support himself or herself. Green v. Green, supra. There cannot be an exact formula or rule for deciding whether and to what extent any depletion of assets is required of a support claimant. Courts must apply a "rule of reasonableness" in light of such factors as the value and liquidity of the assets; the ages and the mental and physical health of the parties; their other financial responsibilities; their relative ability; education and work experience; and the potential effect of asset depletion on the children of the marriage. Settle v. Settle, supra.
The trial court is vested with great discretion in making alimony determinations, and its judgment will not be disturbed absent a manifest abuse of discretion. Settle v. Settle, supra; LaForge v. LaForge, 26,317 (La. App. 2d Cir. 1/25/95), 649 So.2d 151.

DISCUSSION
Mrs. Faltynowicz argues that the trial court in this case failed to award her a sufficient amount of permanent alimony to meet her necessary expenses and contends that the trial court was erroneous in finding that she is able to earn additional income. She claims that she is a 58 year old woman with degenerative disc disease and panic attacks and cannot sit or stand for long periods of time. She admits her training at teaching and as a respiratory therapist, but points out that she has never been licensed to perform either job in this state. She claims that her medical problems prevent her from performing *95 certain jobs and basically she has been a homemaker for twenty-five years. She also claims her notary license is expired and she has no secretarial skills and has never been employed as a paralegal. She also argued that no showing was ever made that there are specific jobs available for her in this area. She argues that Mr. Faltynowicz's yearly income ranges from approximately $56,000.00 to $86,000.00 and based upon her monthly expenses of $1,572.32, and his ability to pay, she should be awarded a minimum of $829.66 per month in post divorce alimony.
Mr. Faltynowicz does not object to the trial court's finding that his former spouse was free from fault in the break up of the marriage. He merely contends that the trial court did not abuse its discretion in setting post divorce alimony in this case.
As stated above, Mrs. Faltynowicz outlined that she had monthly expenses of $1,572.32. This amounts to $18,867.84 per year. The trial court awarded her permanent alimony of $250.00 per month or $3,000.00 per year. The trial court apparently found that Mrs. Faltynowicz was capable of earning at least $15,867.84 per year. Based upon this record and, in light of the great discretion vested in the trial court in making alimony determinations, we find that the trial court's determination is supported by the record and is not an abuse of discretion.
The record shows that Mrs. Faltynowicz has steadily engaged in the real estate business since 1975. She also obtained a paralegal certificate in order to aid in her work in real estate and she testified that she planned to renew her notary license. The record shows that Mrs. Faltynowicz has a computer at her home to use for real estate purposes and she takes business phone calls at her home regularly. There is no need to show that there are jobs available to Mrs. Faltynowicz because she is currently employed with a real estate agency and there is nothing in the record to refute the trial court's conclusion that she could earn additional income in real estate if she applied herself to that end. In fact, upon questioning by the trial court, Mrs. Faltynowicz offered no explanation for her low earnings and stated that she hoped to earn more from her work in real estate in the future.
Although she claims that her back condition prevents her from sitting or standing for long periods of time, she has not shown that her physical condition would in any way hamper her continued work in real estate. Also, Mrs. Faltynowicz has stayed active in the real estate business for more than twenty years. Her position is distinguishable from other spouses who have no training or skills, who have not remained active in a profession during marriage and who possess physical impairments which hamper their ability to engage in a profession for which they are trained. See and compare Sonfield v. Deluca, 385 So.2d 232 (La.1980); Slayter v. Slayter, 576 So.2d 1121 (La.App. 3d Cir.1991); Vorisek v. Vorisek, 423 So.2d 758 (La.App. 4th Cir.1982).
We also note that the trial court correctly found that Mrs. Faltynowicz had liquid assets in the form of a settlement from an automobile accident that she was required to make some use of in meeting her living expenses.

CONCLUSION
For the reasons stated above, we find that Mrs. Faltynowicz is well suited by virtue of her education, training and experience to work in the real estate field. There is nothing in the record to show that the trial court abused its discretion in finding that Mrs. Faltynowicz has a greater earning capacity than she is currently utilizing and should be able to earn more in the real estate business if she applies herself diligently. Further, based upon the showing made of Mrs. Faltynowicz's earning capacity, liquid assets, her expenses and Mr. Faltynowicz's income, the trial court did not abuse its discretion in setting Mrs. Faltynowicz's permanent alimony at $250.00 per month.
Accordingly, we affirm the trial court judgment awarding Sonja Kaye Henrickson Faltynowicz permanent alimony in the amount of $250.00 per month. All costs in this court are assessed to Mrs. Faltynowicz.
AFFIRMED.
NOTES
[1] This article was amended by Acts 1997, No. 1078, § 1, effective January 1, 1998. The amendment has no application to the present case, as it applies prospectively only. See Acts 1997, No. 1078, § 4; Wallace v. Wallace, 30,079 (La.App. 2d Cir. 2/25/98), 708 So.2d 1190.