839 So.2d 1091 (2003)
Arney V. ANDERSON
v.
Marcia Ann Irving ANDERSON.
No. 02-1226.
Court of Appeal of Louisiana, Third Circuit.
March 5, 2003.
*1092 Frank C. Miller, III, Lake Charles, LA, for Plaintiff/Appellant: Arney V. Anderson.
Henry H. Lemoine, Jr., Pineville, LA, for Defendant/Appellee: Marcia Ann Irving Anderson.
Court composed of NED E. DOUCET, JR., Chief Judge, ULYSSES GENE THIBODEAUX, and ELIZABETH A. PICKETT, Judges.
DOUCET, Chief Judge.
Plaintiff, Arney V. Anderson, appeals a judgment of the trial court finding his ex-wife, Appellee, Marcia Ann Irving Anderson, free from fault in the break-up of their marriage and awarding Ms. Anderson $1,000.00 per month in alimony. We affirm the judgment of the trial court.
FACTS
The Andersons were married on December 7, 1987, in Rapides Parish and subsequently established their matrimonial domicile in Sabine Parish at Toledo Bend. Mrs. Anderson was working when the couple married, but she left the work force after the couple moved to Toledo Bend. The Andersons' original residence was next door to a camp owned by Mr. Anderson's parents. Because Mrs. Anderson did not get along with her in-laws, she and her husband sold that home, bought two adjacent lots in another location and built a "spec" house on one of the lots. According to Mr. Anderson, the couple planned to sell the "spec" house and use the proceeds to build a smaller house for themselves on the lot next door. Shortly after these plans were finalized, the real estate market softened and the Andersons were unable to sell the "spec" house. This situation began the Andersons' financial difficulties which contributed to the dissolution of their marriage. Although finances were tight, Mrs. Anderson refused to return to the work force.
During most of the marriage, Mr. Anderson worked for Alford Motors, Inc. (Alford) in Leesville. The record indicates that the Andersons' marital problems escalated when Pam Cohen went to work for Alford. Mrs. Anderson became convinced that Mr. Anderson and Ms. Cohen were having an affair after the two attended a business seminar in Florida in December 2000. Around this same time, *1093 Mr. Anderson began working longer hours, both during the week and on weekends. Beginning in April 2001, Mr. Anderson did not come home most week-ends. Also, Ms. Cohen and her husband separated in April 2001. On May 15, 2001, Mr. Anderson abandoned the matrimonial domicile, and on May 31, 2001, he filed a petition for divorce. A judgment of divorce was granted on January 2, 2002. The proceeding which gave rise to this appeal, a Rule for Spousal Support was heard on May 7, 2002, and in a judgment read, rendered and signed July 29, 2002, Mrs. Anderson was awarded $1,000.00 per month as periodic spousal support.
LAW AND DISCUSSION
On appeal Mr. Anderson claims the trial court specifically erred in finding Mrs. Anderson free from fault; in the amount of support awarded; and in failing to give Mr. Anderson credit for community funds secreted by Mrs. Anderson in a separate checking account. Generally, Mr. Anderson alleges that the judgment of the trial court is not supported by the law and facts.
The laws dealing with periodic spousal support were changed, effective January 1, 1998. The award or denial of periodic support is currently covered by La.Civ. Code arts. 111 and 112.
La.Civ.Code art. 111 states:
In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party free from fault prior to the filing of a proceeding to terminate the marriage, based on the needs of that party and the ability of the other party to pay, in accordance with the following Articles.
In Jones v. Jones, 35,502, pp. 4, 5 (La. App. 2 Cir. 12/5/01); 804 So.2d 161, 164-65, our brethren of the second circuit observed:
In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party free from fault prior to the filing of a proceeding to terminate the marriage, based on the needs of that party and the ability of the other party to pay. La. C.C. art. 111. A spouse seeking final spousal support must be without fault and the burden of proof is upon the claimant. Lyons v. Lyons, 33,237 (La.App.2d Cir.10/10/00), 768 So.2d 853, writ denied, XXXX-XXXX (La.1/5/01), 778 So.2d 1142. Since the statutory law does not specify fault which would deny final periodic spousal support, legal fault must be determined according to prior jurisprudential criteria. Allen v. Allen, 94-1090 (La.12/12/94), 648 So.2d 359. Legal fault consists of serious misconduct which is a cause of the dissolution of the marriage. To be legally at fault, a spouse must be guilty of cruel treatment or excesses which compel a separation because the marriage is insupportable. A spouse who petitions for permanent support need not be totally blameless in the marital discord. Only misconduct of a serious nature, providing an independent contributory or proximate cause of the breakup, equates to legal fault. Lyons v. Lyons, supra.

The unjustifiable persistent refusal of sexual intercourse to one's spouse is cruel treatment constituting fault. Broussard v. Broussard, 462 So.2d 1386 (La. App. 3d Cir.1985). While mere bickering and fussing cannot constitute cruel treatment for purposes of denying alimony, a continued pattern of mental harassment, nagging and griping by one spouse directed at the other can constitute cruel treatment. Lyons v. Lyons, supra.

A party is not deprived of alimony due to a reasonably justifiable response to *1094 the other spouse's initial acts. A spouse who perceives infidelity may become quarrelsome or hostile. Such a reasonable reaction does not constitute legal fault. The suspicion of adultery causes the break up and not the reaction. A spouse who reacts should not be precluded from receiving alimony solely because of his or her own response. Lyons v. Lyons, supra.
In Desai v. Desai, 01-1325, p. 3 (La.App. 5 Cir. 4/10/02); 817 So.2d 230, 231, the fifth circuit commented as follows:
In Simon v. Simon, [96-876 (La.App. 5 Cir. 5/14/97), 696 So.2d 68, 73] we noted the jurisprudential criteria that a court should use in determining legal fault for these types of cases.
Legal fault consists of serious misconduct, which is a cause of the marriage's dissolution ... Petty quarrels between husband and wife do not rise to the level of legal fault; to be legally at fault, a spouse must be guilty of cruel treatment or excesses which compel a separation because the marriage is insupportable ... Fault contemplates conduct or substantial acts of commission or omission by a spouse violative of his or her marital duties or responsibilities.
Under Louisiana law and jurisprudence, a continued pattern of mental harassment, nagging and griping by one spouse directed at the other can constitute cruel treatment; whereas mutual incompatibility, fussing and bickering cannot ...
When the degree of spousal fussing and bickering, however, allows the finding of a pattern of harassment, upbraiding, nagging and griping, a determination by the trial court of cruel treatment has been found supported by the record. Each case must rest on its own facts. [Citations omitted].
Appellant argues that the trial court erred in finding Mrs. Anderson free from legal fault and thus eligible for periodic spousal support. Mr. Anderson testified that it was only because Mrs. Anderson didn't get along with his parents that they moved and built a house they really couldn't afford. Mrs. Anderson stated that building the house was Mr. Anderson's idea. According to both parties it was a downturn in the real estate market which caused them financial difficulties. While this may have been so, it does not appear that the bickering over finances rose to a level which would constitute legal fault.
Mr. Anderson also claims that the couple had not shared a bedroom for a couple of years and that they had no sex life. Mrs. Anderson agreed that they slept in separate bedrooms; however she was adamant, that the couple maintained a sexual relationship.
The trial judge found Mr. Anderson to be at fault for maintaining an adulterous relationship and in abandoning the family domicile. Mr. Anderson admitted both acts. However, he claimed that the affair with Ms. Cohen did not become physical until after he moved out of the family home. The following is well settled:
The trial judge's finding of fact on the issue of fault will not be disturbed unless manifestly erroneous. In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence that is to be resolved primarily on the basis of the credibility of witnesses.
Desai, 01-1325, pp. 3-4; 817 So.2d at 231-32. We find no error in the trial judge's ruling on this issue.
As to the award of $1,000.00 per month to Mrs. Anderson, we find no clear error. Mr. Anderson's tax records establish *1095 that he made almost $60,000.00 in 2001. At the hearing on Mrs. Anderson's rule for periodic spousal support on May 7, 2002, Mr. Anderson testified that he had recently become unemployed. He stated that he had not applied for unemployment and that he was diligently seeking employment. His employment history makes it clear that he was capable of earning sufficient income to justify an award to Mrs. Anderson of $1,000.00 per month. Furthermore, Mrs. Anderson's circumstances showed her to be in need of financial support. She had been out of the work force for about ten years, had no college degree, was working as a companion to a physically impaired woman and was living with her daughter because she could not afford a place of her own. If either Mr. Anderson or Mrs. Anderson find employment which would justify a change in or termination of the trial court's initial award, the parties are free to return to court to seek modification or termination of the support payments. "The trial court is vested with great discretion in making alimony determinations, and its judgment will not be disturbed absent a manifest abuse of discretion." Goodnight v. Goodnight, 98-1892, p. 7 (La.App. 3 Cir. 5/5/99); 735 So.2d 809, 814, quoting Faltynowicz v. Faltynowicz, 30,605, p. 6 (La.App. 2 Cir. 6/24/98); 715 So.2d 90, 94.
Mr. Anderson also claims the trial court erred in not giving him credit for money secreted by Mrs. Anderson in a separate checking account. Mrs. Anderson testified that she used this money to pay community obligations. There was no evidence introduced or testimony adduced to contravene Mrs. Anderson's explanation. Thus, we find no merit in this alleged error.
In sum, our review of the record, as a whole, reveals no error of law or fact. Accordingly, for the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Appellant, Arney V. Anderson.
AFFIRMED.