737 So.2d 173 (1999)
Delois Darlene Ramsey COOPER, Plaintiff-Appellant,
v.
Curtis COOPER, Defendant-Appellee.
No. 31,875-CA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1999.
*174 John B. Slattery, Springhill, Counsel for Appellant.
James Fortson, Shreveport, Counsel for Appellee.
Before NORRIS, CARAWAY, AND KOSTELKA JJ.
CARAWAY, J.
Delois Middlebrooks appeals the trial court's award of $750 per month in permanent alimony to her former spouse. Finding that the determination of the monthly housing expense was excessive in light of the spouse's continued occupancy of the family home, we amend and lower the award for spousal support and, as amended, affirm the trial court.

Facts
Delois Darlene Ramsey Cooper Middlebrooks ("Delois") filed a petition for divorce against Curtis Cooper ("Curtis") in 1996. Thereafter, Curtis filed a rule to establish alimony pendente lite and was awarded $150 per month. Curtis then filed a petition for permanent alimony in June 1997. After 37 years of marriage, a judgment of divorce was granted on July 29, 1997. Subsequently, a hearing was held on May 28, 1998 on the issue of permanent alimony.
At the hearing, Curtis, Delois, and Curtis's accountant testified. The parties also submitted documents regarding their income and monthly expenses. After hearing the testimony, the trial court found Curtis to be without fault in causing the divorce. The court also found that Curtis's expenses exceed his income and that Curtis, as a 66-year-old retiree, was in need of alimony from his former wife. While he had survived for a while without alimony, Curtis did so by using most of the money he had at his disposal at the time of his separation from Delois and by borrowing money. Delois, who works for the *175 postal service, has an estimated annual income of $42,266. The court further determined that after meeting her monthly expenses, Delois had $800 in excess to pay alimony. Based upon Curtis's needs, the court awarded him $750 per month in alimony. On June 22, 1998, the court signed a judgment awarding permanent alimony to Curtis commencing from the time of the July 1997 divorce.

Discussion
Curtis reported monthly expenses totaling approximately $1920, exclusive of any gifts or expense related to the tax consequences of his receipt of spousal support.[1] His total monthly pension and social security income was $1063. This left Curtis with $859 in expenses in excess of his income, and the trial court awarded a support payment of $750 per month. Delois argues that the monthly expenses claimed by Curtis were excessive.
At the time of the parties' divorce in 1997, which was the date for the commencement of the support judgment, La. C.C. art. 112 provided, in pertinent part, as follows:
Art. 112. Alimony after Divorce[2]
A. (2) In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The income, means, and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouse's earning capacity;
(e) The time necessary for the recipient to acquire appropriate education, training, or employment;
(f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
B. In awarding lump sum alimony in lieu of or in combination with permanent periodic alimony, the court shall consider the criteria enumerated in Paragraph A of this Article, except the limitation to one-third of the paying spouse's income, in determining entitlement and amount of alimony sum awarded under this Article shall not exceed one-third of the obligor's net income.
Using these criteria, the trial court is to award permanent alimony in order to provide a spouse in need with sufficient means of support. Guillory v. Guillory, 626 So.2d 826 (La.App. 2d Cir. 1993). To be entitled to permanent alimony, the claimant spouse has the burden of proving necessitous circumstances or insufficient means for his or her maintenance. Faltynowicz, supra note 1. A trial court has much discretion in fixing alimony awards and its rulings will not be disturbed absent a manifest abuse of discretion.

Food and Medical Expenses
Delois argues that Curtis's claim of $400 per month for food and household supplies was grossly overstated and should be reduced to $200 a month. In addition, she asserts that Curtis's accountant estimated the amount necessary for food not from actual receipts, but on her own assessment of a fair calculation for groceries *176 and supplies. Finally, Delois claims that a $400 allowance for food is excessive because Curtis obtains one meal per day at the Senior Citizen's Center for only $1.25. While the facts Delois asserts may be true, we do not reach the same conclusion that $400 per month is unreasonable for food and household supplies. If this monthly amount is broken down into a daily allotment for a 30-day month, Curtis is only claiming $13.33 per day for food and supplies. Even if Curtis receives one meal per day for $1.25, a total expenditure of $13.33 per day appears to be reasonable.
Delois also contests Curtis's claim of $162 per month in doctor bills. However, this expense does not appear excessive. Curtis's testimony indicates that he was on Medicare at the time of the hearing and also was paying for a Medicare supplement. He also testified that while most of his doctor bills were covered, he still paid a portion of the medical expenses himself. Curtis testified that he suffers from tremendous pain in his knee and back and is in poor health. Therefore, it is not implausible that $162 a month is a true reflection of his medical expenses, and the trial court's acceptance of that amount of medical expense was not error.

Housing Expense
Delois contests Curtis's claim for a monthly housing expense of $483, which was the amount of the parties' loan indebtedness against the former community residence. Curtis has continued to reside in the family residence after the divorce. In 1997 when the yearly loan payment of $5800 became due, Curtis claims that he made the payment out of his separate funds without any reimbursement from Delois. Delois claims that she tendered her share of the loan payment in 1997, and that the 1998 loan payment would be the final installment owed by the parties. Her testimony regarding the payoff of the home loan in 1998 was confirmed by the testimony of Curtis's accountant.
Under La. C.C. art. 2365, a former spouse is entitled to reimbursement for mortgage payments made on the community home with separate funds after divorce. Young v. Smith, 30,530 (La.App.2d Cir.5/13/98), 715 So.2d 479. The party is entitled only to one-half of the separate funds expended for payment of the mortgage note on the family home. Id. Because of La. R.S. 9:374(B) and (C) and the recent ruling of our supreme court in McCarroll v. McCarroll, 96-2700 (La.10/21/97), 701 So.2d 1280, a former spouse may continue to reside in the co-owned family home without the payment of rent for the use of the home unless rent is otherwise agreed upon by the parties or ordered by the court. McCarroll also confirmed that the occupying spouse cannot be retroactively assessed rent for the occupancy of the family home. Finally, La. R.S. 9:374(B) indicates that occupancy of the family home is a consideration in the awarding of spousal support.
In this case, Curtis's occupancy of the family home continued undisturbed from the time of the divorce in 1997 until the time of the May 1998 trial. Delois did not seek a court ruling awarding her occupancy or a partition of the community, which could have ended Curtis's occupancy of the home. Delois cannot seek a retroactive assessment of rent, and she has admitted her obligation under La. C.C. art. 2365 for reimbursement of one-half of the loan payment made by Curtis in 1997. Under these circumstances and because of the testimony indicating that the balance of mortgage loan indebtedness against the home was minimal and is now paid off, we feel that the inclusion of $483 per month in housing expense was excessive. While Curtis did not have sufficient means to pay his one-half of the home loan expense, he had recourse, apart from the claim for spousal support, against Delois for one-half of the payment. Accordingly, we reduce the amount of housing expense to one-half of the $483 amount claimed by Curtis.

*177 Conclusion

The evidence submitted in this case showed Curtis's income to be insufficient to meet his needs. Under the circumstances, the trial court did not abuse its discretion in finding Curtis to be in necessitous circumstances. The $859 in monthly expenses in excess of Curtis's income should be reduced by the amount of one half of the $483 monthly housing expense which Curtis claimed. This leaves $618 in monthly expenses which Curtis is unable to meet. Therefore, we amend the trial court's award of spousal support to the amount of $618 per month.
For the reasons set forth above, the judgment of the trial court is hereby amended in part and, as amended, affirmed. The costs of the appeal are assessed to the appellant.
AMENDED AND AFFIRMED.
NOTES
[1] Gifts and church tithes listed on Curtis's expense summary are not considered when determining the necessary expense of an alimony claimant. See Faltynowicz v. Faltynowicz, 30,605 (La.App.2d Cir.6/24/98), 715 So.2d 90. In addition, the testimony of Curtis's accountant was insufficient to establish any tax consequences of the alimony award in this case.
[2] Acts 1997, No. 1078, § 1, effective January 1, 1998, amended La. C.C. arts. 111 and 112, but these changes only apply prospectively. See La. R.S. 9:386. Thus, the present case is governed by the law in effect prior to the amendments.