794 So.2d 912 (2001)
Peggy Marie Baker BRETT
v.
Gerard Michael BRETT.
No. 2000 CA 0436.
Court of Appeal of Louisiana, First Circuit.
May 30, 2001.
Rehearing Denied August 13, 2001.
*913 Marti Tessier, Mandeville, Counsel for Plaintiff-Appellant, Peggy Marie Baker Brett.
David R. Paddison, Covington, Counsel for Defendant-Appellee, Gerard Michael Brett.
Before: WHIPPLE, KUHN and DOWNING, JJ.
DOWNING, J.
Peggy Marie Baker Brett, plaintiff/appellant, appeals a judgment of divorce finding her legally at fault, thus precluding her from receiving permanent spousal support. For reasons stated, we reverse the judgment of the trial court and render decision.

FACTS AND PROCEDURAL HISTORY
Peggy Brett filed for divorce from Gerard Michael Brett on January 22, 1998, after having been married for twenty-seven years. The trial court entered a final judgment of divorce pursuant to Louisiana Civil Code art. 102 on March 2, 1999. On September 14, 1999, the trial court heard Peggy Brett's final rule for spousal support. The trial court also heard Gerard Brett's motion to eliminate or reduce interim spousal support, Peggy Brett's rule for contempt and mutual motions to compel. On October 5, 1999, the trial court signed a final judgment denying Peggy Brett's rule for permanent spousal support finding that she was not free from fault in the cause of the divorce[1] and ruling that she was not entitled to permanent spousal support. The trial court dismissed the motions to compel and held Gerard Brett in contempt for non-compliance with the order to pay interim spousal support. The trial court also declined to reduce or eliminate the ordered interim spousal support in the amount of $800.00 per month.
Peggy Brett appeals the judgment of the trial court asserting one assignment of error: that the trial court erred in finding she was not free from fault in the breakdown of her marriage and thus denying her permanent spousal support.

*914 DEFECTIVE JUDGMENT
Normally in a civil case our review extends only to those errors assigned by appellant. Uniform Rules Courts of AppealRule 2.12.4. When the judgment that forms the basis of the appeal is defective, however, it becomes a jurisdictional matter, which we can raise on our own. Darensbourg v. Great Atlantic & Pacific Tea Co., 94-0761, p. 3 (La.App. 1st Cir.11/9/95), 665 So.2d 35, 37. Although not raised by the parties, we recognize a fatal defect in the original judgment rendered herein. The judgment was signed not by the judge who tried the case, but another judge who was not a successor judge under Louisiana Revised Statute 13:4209. See Louisiana Paving Co. v. St. Charles Parish Public Schools, 593 So.2d 892 (La.App. 5th Cir.1992). This renders the judgment invalid.
The trial judge has now rendered and signed a judgment nunc pro tunc and supplemented the record herewith. In the interest of judicial economy, we hereby annul and set aside the judgment in this case rendered October 5, 1999, and now treat the judgment signed by the trial judge, Reginald Badeaux, III, as the judgment appealed from herein.

ANALYSIS

Legal Cause
A trial court may award final periodic support to a party free from fault prior to the filing of a divorce proceeding based on the needs of that party and the ability of the other party to pay. Louisiana Civil Code art. 111. The factors to consider in determining the entitlement, amount and duration of final support are set forth in Louisiana Civil Code art. 112. The Civil Code, however, does not define fault.
In Mayes v. Mayes, 98-2228, p. 3 (La. App. 1st Cir.11/5/99), 743 So.2d 1257, 1259-1260, this court summarized the determination of fault under Louisiana Civil Code art. 112, as follows:
Since the statutory law no longer specifies which type of fault would constitute grounds to deny permanent alimony, legal fault must be determined according to the prior jurisprudential criteria. To constitute legal fault, misconduct must not only be of a serious nature, but must also be an independent contributory or proximate cause of the separation. Such acts are synonymous with the fault grounds that previously entitled a spouse to a separation or divorce. They include adultery, conviction of a felony, habitual intemperance or excesses, cruel treatment or outrages, public defamation, abandonment, an attempt on the other's life, status as a fugitive, and intentional non-support. Former LSA-C.C. arts. 138 and 139 (repealed 1990.) (Other citations omitted.) (Emphasis added.)
The trial court did not state any of these grounds in finding Peggy Brett or Gerard Brett at fault. Rather, in its brief discussion of fault, it stated as follows:
I find that Mr. Brett is at fault in the marriage. I cannot find that Mrs. Brett is free from fault in the marriage. I find that it is mutual, mainly an inability to communicate effectively enough to overcome difficulties and road blocks that popped up in the marriage.
In a First Circuit case almost directly on point, the trial court found mutual fault stating the following reason:
I believe there was sort of reciprocally a total breakdown of communication between the parties, that neither of them were communicating adequately and appropriately with the other. This failure to communicate constituted a mutuality of fault. *915 Kean v. Kean, 577 So.2d 1152, 1155 (La. App. 1st Cir.1991).
In Kean v. Kean, this court concluded the following:
To be guilty of mutual fault, each of the parties must furnish one of the grounds for separation in La.C.C. art. 138. Brewer v. Brewer, 573 So.2d 467 (La.1991). In Brewer, the Louisiana Supreme Court reversed a trial court judgment of mutual fault, where the wife's fault consisted of "nagging." The court found that the trial court apparently equated fault in a generic sense with legal fault. The court stated that, "(t)o be legally at fault, a spouse must be guilty of cruel treatment or excesses which compel a separation because the marriage is insupportable."
We find that the trial court erred in finding mutual fault in the instant case. Lack of communication is not a ground for separation under La.C.C. art. 138.... We reverse the judgment insofar as it finds mutual fault and assign legal fault solely to the appellee,.... (Emphasis added.)
Kean v. Kean, 577 So.2d at 1155.
We note that Gerard Brett has not appealed or answered Peggy Brett's appeal contesting the finding that he was at fault. We, therefore, do not address that issue. However as to Peggy Brett, applying the principles set forth in Kean v. Kean, we find the trial court erred in finding her legally at fault. We reverse the judgment insofar as it finds her to be legally at fault in the divorce.

Final Periodic Support
Because of the trial court's determination of mutual legal fault, it did not address the issue of final periodic support. The record appears complete and as both parties addressed this issue in their appellate briefs, we will review the issue of final periodic support de novo. As this court observed in Benware v. Means:
Where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent de novo review of the record and determine a preponderance of the evidence.
Benware v. Means, 98-0203R, pp. 7-8 (La. App. 1 Cir. 5/12/00), 760 So.2d 641, 646, writ denied, 2000-2215 (La.10/27/00), 772 So.2d 650.
Accordingly, from the record we review whether and to what extent Peggy Brett is entitled to final periodic support.
The provisions of the Louisiana Civil Code pertaining to periodic spousal support were amended and reenacted, effective January 1, 1998. The relevant provisions are:
Art. 111. Spousal support; authority of court
In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party free from fault prior to the filing of a proceeding to terminate the marriage, based on the needs of that party and the ability of the other party to pay, in accordance with the following Articles.
Art. 112. Determination of final periodic support
A. The court must consider all relevant factors in determining the entitlement, amount, and duration of final support. Those factors may include:
(1) The needs of the parties.
(2) The income and means of the parties, including the liquidity of such means.
(3) The financial obligations of the parties.

*916 (4) The earning capacity of the parties.
(5) The effect of custody of children upon a party's earning capacity.
(6) The time necessary for the claimant to acquire appropriate education, training, or employment.
(7) The health and age of the parties.
(8) The duration of the marriage.
(9) The tax consequences to either or both parties.
B. The sum awarded under this Article shall not exceed one-third of the obligor's net income.
In Hammack v. Hammack, this court recently explained the amendments to the spousal support provisions, as follows:
Based on the prior statutory provisions, permanent alimony was awarded to a former spouse in need, and it is limited to an amount sufficient for the former spouse's maintenance. Since the claimant spouse had the burden of proving insufficient means of support, the next inquiry after the fault issue was whether the spouse claiming support has proved insufficient means for support.
However, under present law, the claimant spouse has only to prove freedom from fault in order to qualify for periodic spousal support. The requirement that the claimant spouse also prove that she has not sufficient means for support is no longer included in the statutory language as a threshold criteria for entitlement to support. Hence, the statutory basis for limiting support to a spouse in necessitous circumstances no longer exists.
What then is the court required to consider, under present law, once it has determined that the claimant spouse is free from fault? The answer is in the present language of Civil Code Articles 111 and 112. Civil Code Article 111 indicates that the court may award support "based on the needs of that party and the ability of the other party to pay, in accordance with the following Articles." See also Comment (b) to Article 111. Civil Code Article 112 then provides, in pertinent part, that "The court must consider all relevant factors in determining the entitlement, amount and duration of final support." (Emphasis supplied.) Then Article 112 goes on to list nine (9) factors that may be included in the court's analysis, only one of which is "the needs of the parties." (Emphasis added.) (Footnotes omitted.)
Hammack v. Hammack, 99-2809, p. 6 (La. App. 1st Cir.12/22/00), 778 So.2d 70, 74.
The record shows Peggy Brett to be a fifty-four-year-old woman who was married to Gerard Brett for twenty-eight years. Their three children are now adults. While she did work at times during the marriage, either as a teacher or in shoe stores they owned for a time, she spent much of her married life as a wife and homemaker. The record shows at the time of trial in September 1999 that she earned about $27,000.00 per year, or an average of $2,250.00 per month from three jobs: full-time teaching, school aftercare work and working at summer camp. From her income and expense affidavit and testimony, her net income after deductions appears to be about $1,725.00. Her expenses as revised in testimony amount to roughly $2,200.00. While Gerard Brett questioned some of the expenses, he did not make objection to any of the listed deductions or expenses. She plans to return to school to achieve her master's degree so she can increase her income. She believes this will take her three summers at about $600.00 per summer, not counting the cost of the books. The record contains no information regarding tax consequences to either party.
*917 The trial court found Gerard Brett to have a net income of $83,000.00 per year from his disability income, or approximately $6,900.00 per month. Mr. Brett provided no evidence of his financial obligations. Prior to becoming disabled, Mr. Brett was earning approximately $150,000.00 per year.
Louisiana Civil Code art. 112B allows this court to award up to one-third of Gerard Brett's net income to Peggy Brett. We are instructed by Louisiana Civil Code art. 111 to consider both Peggy Brett's need and Gerard Brett's ability to pay in determining whether, in what duration and in what amount to award as final periodic support. Louisiana Civil Code art. 112 instructs us to consider all relevant factors. Peggy Brett's need is only one of the nine factors in a non-exclusive list to consider under Louisiana Civil Code art. 112A. See Hammack v. Hammack, p. 6, 778 So.2d at 74.
We find Peggy Brett's attention to the needs of her husband and her family while subordinating her own career advancement over the duration of a twentyeight-year marriage to be a relevant factor in determining an appropriate award of spousal support. Comment (d) to Louisiana Civil Code art. 112 states: "The eighth factor listed (the duration of the marriage) in this Article is new. Inter alia, it affords the court a means of assessing the degree to which a spouse's habituation to dependency during the marriage has impaired his earning capacity."
We find that Peggy Brett is working at the level of her earning capacity. See Hammack v. Hammack, p. 7, 778 So.2d at 74.
We also find that Peggy Brett's standard of living is a relevant factor. Her husband's income had been approximately one hundred fifty thousand dollars ($150,000.00) per year during the marriage. Now, her gross income is less than onefifth that sum. As Professor Kenneth Rigby observed in an article entitled The 1997 Spousal Support Act in the Spring 1998 Louisiana Law Review:
Although rejected as a specific factor which the court may consider, courts are not prohibited by the new legislation from considering the standard of living of the parties as a relevant factor in determining the entitlement, amount, and duration of final support. The court is not limited to considering the nine listed factors; Article 112 mandates the court to consider all relevant factors, and that these factors may include the nine listed factors.
Kenneth Rigby, The 1997 Spousal Support Act, 58 La.L.Rev. 887, 906 (1998).
Peggy Brett and Gerard Brett had stipulated to an interim periodic support in the amount of $800.00 per month prior to their divorcing. Prior to trial, Gerard Brett had filed a motion to reduce or eliminate his obligation to pay interim spousal support based on a change of circumstances due to his disability, his reduced income and his consequent inability to pay. At trial, the district court declined to eliminate or reduce this amount on Gerard Brett's motion. Rather, after hearing all the evidence, it ordered the interim spousal support in the amount of $800.00 per month to continue for the duration allowed by law stating as his only reason the disparity in incomes, implicitly finding Gerard Brett was able to pay this amount.
Considering all relevant factors including Peggy Brett's age, the duration of the marriage, Gerard Brett's disability, his ability to pay, Peggy Brett's needs, the income and means of both parties, their financial obligations, the earning capacity of both parties and their standard of living, we conclude that an award of eight hundred *918 and no/100 dollars ($800.00) per month as permanent final periodic support, commencing retroactively to the date of termination of the interim periodic support, is reasonable. We therefore order Gerard Brett to pay to Peggy Brett the sum of eight hundred and no/100 dollars ($800.00) per month as permanent final periodic support commencing retroactively to the date of termination of the interim periodic support until further order of the district court.

CONCLUSION
For reasons stated the judgment of October 5, 1999, is hereby annulled and set aside, and the judgment of May 21, 2001, is reversed. We order Gerard Brett to pay Peggy Brett final periodic support as directed above.
All costs are taxed to Gerard Brett.
REVERSED AND RENDERED.
KUHN, J., concurs.
WHIPPLE, J., dissents from the grant of rehearing ex proprio motu, but concurs in the ultimate result.
WHIPPLE, J., again concurs in the denial of rehearing, in part, but would grant rehearing for the limited and sole purpose of addressing the procedural issue and challenge presented by defendant/appellee herein.
NOTES
[1] The trial court found mutual fault on behalf of both Peggy Brett and Gerard Brett.