827 So.2d 642 (2002)
Vickie S. KNOWLES
v.
Marty Lane KNOWLES.
No. 02-331.
Court of Appeal of Louisiana, Third Circuit.
October 2, 2002.
*643 Dee A. Hawthorne, Attorney at Law, Melrose, LA, Counsel for Plaintiff/Appellee: Vickie S. Knowles.
Fred Sconyers Gahagan, Gahagan & Gahagan, Natchitoches, LA, Counsel for Defendant/Appellant: Marty Lane Knowles.
Court composed of Chief Judge NED E. DOUCET, JR., HENRY L. YELVERTON, and JIMMIE C. PETERS, Judges.
YELVERTON, J.
Vickie Knowles sued her husband for a divorce in February 2000, and a rule was fixed limited to the determination of interim spousal support, the use and occupancy of the house and contents, the use of the pickup truck, and injunctive relief. A consent judgment was rendered and signed by the court in May 2000. The judgment's provisions regarding interim spousal support were expressed in two paragraphs. The first ordered that Marty pay to Vickie interim periodic support in the amount of $1,650 per month, beginning March 2000 and to continue thereafter until further orders of court. The second ordered that, in addition to that interim periodic support, Marty pay to Vickie money each month necessary to pay their house note, Infiniti note, truck note, homeowner's insurance, and the insurance on both the truck and Infiniti. In November 2000, Marty filed a rule to reduce interim support. *644 This rule was tried, and the court ordered that the previous amount of $1,650 per month was to be reduced to $975 per month, retroactive to August 10, 2000, and that Marty was to continue to pay "the money each month necessary to pay the parties' house note, Infinity [sic] note, truck note, homeowner's insurance, and the insurance on both the truck and Infinity [sic]." In this latter decree, the trial judge repeated that part of the order that had been placed in the consent judgment requiring that Vickie pay the enumerated debts from the money so provided. The only issue before the court in the November proceeding was interim periodic spousal support.
The trial which resulted in the judgment presently on appeal took place in August 2001. There were three matters presented at that trial. The first was the partition itself, and, in connection with the partition, Marty sought reimbursement of a portion of what he had been ordered to pay as a result of the interim periodic support rules heard in May and November 2000. The second matter was Vickie's claim for final periodic spousal support. The third was Marty's claim for reimbursement of alleged overpayments of interim periodic spousal support.
After hearing testimony and other evidence relating to these matters, the trial court ordered a partition, denied Marty his claim for reimbursement of any monies paid by him under the judgments rendered in the rules for interim spousal support; awarded Vickie final periodic spousal support in the amount of $1,000 per month, and denied Marty's claim for reimbursement of alleged overpayments of interim periodic spousal support.
Marty appeals, assigning three errors. We will use his statement of the issues presented for review as follows:
1. The issue in the first assignment of error is whether Mr. Knowles should be reimbursed for one-half of the payments he made on the home mortgage note, vehicle mortgage notes, and insurance for both the vehicles and the home made by him with separate funds subsequent to the filing of the divorce, or was the payment of these items alimony and therefore not subject to being reimbursed.
2. The issue in Assignment of Error Number 2 is whether the amendment to Civil Code Articles 111 and 112 will allow a court to use the parties' standard of living they enjoyed during the marriage as a factor in awarding final periodic support, or is the prior jurisdiction that final support is in the nature of maintenance still the law.
3. The issue on Assignment of Error Number 3 is whether, under the facts presented, Mr. Knowles was entitled to a judgment for his overpayment of interim periodic spousal support.

ASSIGNMENT OF ERROR NO. 1
Marty's argument is that the May and November 2000 judgments ordered him to pay only $1,650 per month in interim periodic spousal support. He contends that the money he was required to pay Vickie for the house note, vehicle notes, and insurance was not included in the interim periodic spousal support. He concedes that if these amounts were intended as part of the interim periodic spousal support, he would have no right to reimbursement. He claims, however, that these earmarked payments were ordered as a precaution by the judge, to better assure the payment of these bills, because he was working in the Philippines and *645 could not himself pay the bills. For this reason, he claims that he is entitled to reimbursement of one-half of these payments as the payor of community property debts from separate property assets. He relies on Louisiana Civil Code Article 2365 and Cooper v. Cooper, 31,875 (La.App. 2 Cir. 5/5/99), 737 So.2d 173.
As to this contention, the trial court made a finding that Marty paid $20,267.55 for payment of the house notes, truck notes, house and vehicle insurance, and the car lease payments. The court made specific findings, however, that these payments were part of the interim periodic spousal support allowance and that Marty was not entitled to reimbursement for them.
We look upon a resolution of this issue as requiring merely an interpretation of the two judgments rendered by the court, the May 2000 judgment being a consent judgment and the November 2000 judgment being a considered decree. Both judgments say the same thing. Both are open to the suggestion that they are ambiguous. However, we have the trial court's word that his intent in signing both judgments was that the entire amount that Marty was ordered to pay to Vickie was to be considered the interim periodic spousal support allowance. That makes sense, because interim periodic spousal support was the only subject before the court at the time both judgments were rendered. We accordingly resolve this dispute in favor of what the trial court said it intended when it rendered the two judgments.
This interpretation accords with what we consider to be the more reasonable interpretation of the language employed. There was no error in the denial of reimbursement for this item.

ASSIGNMENT OF ERROR NO. 2
This assignment deals with the final periodic support award of $1,000 per month. Marty's contention is that it should be reduced to $678. The contested amount, $322.31, covers television cable, $34.98; life insurance, $34.00; gifts, $25.00; entertainment, $25.00; animal expenses, $30.00; and tithes, $173.33. Marty's contention is that despite the amendments to Louisiana Civil Code Articles 111 and 112, which became effective January 1, 1998, the test for final periodic support is unchanged from the old test, when it was called permanent alimony, in that the award is for maintenance only and not personal expenses.
We disagree. The first circuit, in Hammack v. Hammack, 99-2809 (La.App. 1 Cir. 12/22/00), 778 So.2d 70, writ denied, 01-913 (La.05/25/01), 793 So.2d 166, discussed this issue. In explaining the amendments to the spousal support provisions, that court stated:
Based on the prior statutory provisions, permanent alimony was awarded to a former spouse in need, and it is limited to an amount sufficient for the former spouse's maintenance. Since the claimant spouse had the burden of proving insufficient means of support, the next inquiry after the fault issue was whether the spouse claiming support has proved insufficient means for support.
However, under present law, the claimant spouse has only to prove freedom from fault in order to qualify for periodic spousal support. The requirement that the claimant spouse also prove that she has not sufficient means for support is no longer included in the statutory language as a threshold criteria for entitlement to support. Hence, the statutory basis for limiting support to a spouse in necessitous circumstances no longer exists.
What then is the court required to consider, under present law, once it has *646 determined that the claimant spouse is free from fault? The answer is in the present language of Civil Code Articles 111 and 112. Civil Code Article 111 indicates that the court may award support "based on the needs of that party and the ability of the other party to pay, in accordance with the following Articles." See also Comment (b) to Article 111. Civil Code Article 112 then provides, in pertinent part, that "The court must consider all relevant factors in determining the entitlement, amount and duration of final support." (Emphasis supplied.) Then Article 112 goes on to list nine (9) factors that may be included in the court's analysis, only one of which is "the needs of the parties."
Id. at 74 (underlined emphasis added) (footnotes omitted).
Furthermore, as Kenneth Rigby recently noted in his article, The 1997 Spousal Support Act, 58 La.L.Rev. 887 (1998), the amendment to Louisiana Civil Code Articles 111 and 112 did away with the distinction between alimony pendente lite and permanent periodic support. The basic test for the amount of spousal support to be awarded are the needs of the claimant spouse and the ability of the other spouse to pay.
As to whether the standard of living enjoyed by the parties before the separation and divorce may be considered in setting an amount for spousal support, Rigby writes:
Two factors recommended by the Law Institute were not adopted by the legislature. The Law Institute recommended, as a factor to be considered in determining the entitlement, amount, and duration of final support, the standard of living of the parties during the marriage. Several decisions had held that the lifestyle of the parties during the marriage is relevant in determining what is necessary for support of the party requesting permanent periodic alimony. The proposal would have codified this jurisprudence. Although rejected as a specific factor which the court may consider, courts are not prohibited by the new legislation from considering the standard of living of the parties as a relevant factor in determining the entitlement, amount, and duration of final support. The court is not limited to considering the nine listed factors; Article 112 mandates the court to consider all relevant factors, and that these factors may include the nine listed factors.
Id. at 905-06 (footnotes omitted).
For similar reasons as stated above, the first circuit in Brett v. Brett, 00-436 (La. App. 1 Cir. 5/30/01), 794 So.2d 912, held that standard of living of the parties was a relevant factor to be considered in determining final periodic support.
In its reasons for judgment, the trial court's explanation for its award of final periodic support was as follows:
Plaintiff claims entitlement to final periodic support pursuant to La. Civ.Code Art. 111. As the parties stipulated that plaintiff was free from fault prior to the filing of divorce and that defendant has the ability to pay, the Court must now determine the needs of plaintiff. [La. Civ.Code Art. 111]
In determining final periodic support, the Court must consider all relevant factors in determining the entitlement, amount, and duration of final support. [La. Civ.Code Art. 112] This article goes on to list nine (9) factors that may be included in the Court's analysis. In this particular case, the Court finds the following factors to be relevant: (1) the needs of the parties; (2) the income and means of the parties; (3) the financial *647 obligations of the parties; (4) the earning capacity of the parties; (5) the health and age of the parties; and (6) the duration of the marriage.
Plaintiff's total gross monthly income is $1,733.33, (net after deductions is $1,371.59), while her reasonable expenses are $2,372.47 (exceeding her net income by $1,000.88). The parties stipulated that defendant has the ability to pay spousal support. Plaintiff and defendant were married for 24 years. During that time plaintiff did not work outside the home; rather she took care of all the family business while defendant was working away from home. Plaintiff attended to the needs of her husband and family while subordinating her own career advancement over the duration of a 24 year marriage. [Brett v. Brett, No.2000 CA 0436 (La.App. 1st Cir.05/11/01); La. Civ.Code Art. 112] Plaintiff has very little training or formal skills. However, plaintiff did secure employment after the couple separated. Plaintiff is entitled to final periodic support in the amount of $1,000 per month.
"The trial court is vested with great discretion in making alimony determinations, and its judgment will not be disturbed absent a manifest abuse of discretion." Goodnight v. Goodnight, 98-1892 (La.App. 3 Cir. 5/5/99), 735 So.2d 809. There is nothing in the record that indicates that the trial court abused its discretion in awarding Vickie alimony in the amount of $1,000 per month, even if some of the debts used in calculating this amount included obligations other than those required for her basic survival. The trial court clearly considered all the relevant factors involved in the matter and decided an appropriate amount. This award will not be disturbed.

ASSIGNMENT OF ERROR NO. 3
In the final assignment of error, Marty claims that he is entitled to a judgment for his alleged overpayment of interim periodic support. We find this argument also to be without merit.
The original judgment for spousal support was made retroactive to March 2000. However, Marty failed to make a payment for that month. When the trial court later reduced the amount of interim support, retroactive to the time the motion to reduce support had been filed, Vickie offset the amount she owed Marty by the missed March payment. Marty claims that a February paycheck was directly deposited in a joint account and that that amount should have covered that obligation. However, part of the check belonged to the community, and the trial court found that Vickie did not convert the funds for her own use, as Marty claims. The trial court found that, rather, she paid community bills with the money, continuing her responsibility regarding ongoing community debts. Therefore, the trial court found that there was no overpayment of interim spousal support. We find no error in this ruling.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Marty Knowles.
AFFIRMED.