# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1184


TIMOTHY JOHN RHYMES

VERSUS

DINA CONSTANTIN RHYMES


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20090265
HONORABLE SUSAN LORNA THEALL, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Marc T. Amy, Shannon J. Gremillion, and John E. Conery, Judges.


AFFIRMED.


Amy, J., concurs in the result and assigns reasons.

Conery, J.,  dissents and assigns written reasons.


Vincent J. Saitta
Colomb & Saitta
428 Jefferson St.
Lafayette, LA 70501
(337) 231-5250
COUNSEL FOR PLAINTIFF/APPELLEE:
    Timothy John Rhymes

**Gay Lynn Babin**
**Attorney at Law**
**P. O. Box 3352**
**Lafayette, LA 70502**
**(337) 233-9506**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Dina Constantin Rhymes**

**GREMILLION, Judge.**

The defendant/appellant, Dina Constantin Rhymes, appeals the trial court's judgment finding that homeschooling was not a factor to be considered in determining the amount of final periodic support to be paid by the plaintiff/appellee, Timothy John Rhymes. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Timothy and Dina, both mechanical engineers, were married in 1990 and divorced in July 2009. Dina stopped working in 1999 when their first child, Lucy, was born. Jack was born four years later in 2003. Dina has homeschooled both of the children since they were about five years old and continued to do so at the time of trial.

Following numerous hearings regarding child support and final periodic support, the trial court's final judgment on periodic support was signed in July 2012, and held that Dina was entitled to final periodic support in the amount of $500.00 per month for a period of twelve months, to a payment not to exceed $2,400.00 for a course of study which would enable her to update her training as a mechanical engineer, and that "home-schooling is not a factor legally that is considered in this determination of final periodic support."

Dina's sole assignment of error is that "the trial court erred as a matter of law, in finding that home schooling by the mother (Dina Rhymes) is not a factor to be considered for the determination of awarding final periodic support."

## DISCUSSION

The Louisiana Civil Code authorizes a trial court, in its discretion, to award the payment of final periodic support to a spouse in need who has not been at fault in the breakup of the marriage. La.Civ.Code arts. 111 and 112. Article 112

provides numerous factors the court may consider in awarding final periodic support. Article 112 (B) states:

> The court shall consider all relevant factors in determining the amount and duration of final support. Those factors may include:
>
> (1) The income and means of the parties, including the liquidity of such means.
>
> (2) The financial obligations of the parties.
>
> (3) The earning capacity of the parties.
>
> (4) The effect of custody of children upon a party's earning capacity.
>
> (5) The time necessary for the claimant to acquire appropriate education, training, or employment.
>
> (6) The health and age of the parties.
>
> (7) The duration of the marriage.
>
> (8) The tax consequences to either or both parties.

The issue of whether homeschooling is a legal factor to be considered in setting final periodic support is a novel one. We review a trial court's rulings regarding questions of law using the de novo standard. *Sabine Parish Police Jury v. Comm'r of Alcohol & Tobacco Control*, 04-1833 (La. 4/12/05), 898 So.2d 1244. The trial court relied on *Donna G.R. v. James B.R.*, 39,005 (La.App. 2 Cir. 07/02/04), 877 So.2d 1164, *writ denied*, 04-1987 (La. 9/3/00), 882 So.2d 550 and La.Civ.Code art. 227, which states that parents have an obligation to support, maintain, and educate their children. The trial court found that one spouse cannot choose the education obligation to the exclusion of the other obligations.

In *Donna G.R.*, the parties were married for sixteen years and had three children who had been homeschooled for the six years prior to the divorce. The trial court awarded the mother permanent spousal support without imputing any employment income to her because of her homeschooling duties. The appellate

2

court ultimately concluded that homeschooling was not in the children's best interest and ordered that the children be enrolled in public school. It remanded the case to the trial court to reconsider the permanent spousal support award. Nevertheless, the court addressed various competing legal precepts in determining the role homeschooling has in custody and support matters.

The court in *Donna G.R.* noted that decisions concerning a child's education are addressed in La.R.S. 9:335(B)(3), which generally authorizes the domiciliary parent in joint custody arrangements to make all major decisions regarding the child's education. Further, these decisions are presumed to be in the best interest of the child. *Id.* In La.R.S. 9:315.6(1), the legislature authorized the addition of educational expenses to the basic child support obligation. On the other hand, the appellate court noted that the overriding principals found in La.Civ.Code art. 227 and La.R.S. 9:315(A) and (B)(2) are that both parents are continually obligated to provide support to the child. The child support guidelines further address the voluntary unemployment of a parent and impute the income that the unemployed spouse could earn. *See* La.R.S. 9:315.2 (B) and La.R.S. 9:315.11. [1]

Noting the "considerable statutory tension" underlying the dispute, the *Donna G.R.* court found that the mother's lack of education was the most important fact in this particular homeschooling situation that warranted a finding that homeschooling was not in the children's best interest. *Donna G.R.*, 877 So.2d at 1168. The court went on to state that the mother's

> decision as domiciliary parent is *outweighed by the economic*
> *obligation for the maintenance and support of her children and the*
> *increased obligation of spousal support from [the father] which*

---

[1] La.R.S. 9:315.11(A) states (emphasis added):

> If a party is voluntarily unemployed or underemployed, child support *shall*
> *be calculated* based on a determination of his or her income earning potential,
> unless the party is physically or mentally incapacitated, or is caring for a child of
> the parties under the age of five years.

> *her decision implicates.* The parties' use of the public school
> system, which is the subject of much public policy of this state,
> will obviously provide economic benefit to the children by freeing
> [the mother] to find employment.

*Id.* at 1169. (Emphasis added).

Thus, the main competing interests are the duty owed by a spouse to support her children and her voluntary unemployment versus that spouse's right to make major decisions regarding her children's education. We agree with the trial court here and the appellate court in *Donna G.R.* that a spouse's voluntary unemployment in order to homeschool cannot be attributed to the other spouse in determining final periodic support. Louisiana Revised Statute 9:315.11 states an absolute that an underemployed/unemployed party's potential income *shall* be attributed to them unless one of the circumstances listed exists. None do here. It is the legislature's province to provide an exemption for parents choosing to homeschool, and it did not do so in La.R.S. 9:315.11.

Moreover, periodic support is based on the basic needs of the recipient party in order sustain life and assist the spouse in returning to the workforce, not the desire to maintain the former lifestyle the party was accustomed to during the marriage. *See Mizell v. Mizell*, 37,004 (La.App. 2d.Cir. 3/7/03), 839 So.2d 1222. Further, the continued absence from the workforce that homeschooling would entail makes it less likely that Dina will be able to support herself in the future. Homeschooling is simply not a basic need as envisioned by the legislature in determining final periodic support, and the duty to support one's children outweighs a parent's desire to homeschool them. Accordingly, the trial court did not err in finding that Dina's homeschooling should not be considered in making an award of final periodic support.

4

## CONCLUSION

The judgment of trial court is affirmed.  All costs of this appeal are assessed against the defendant/appellant, Dina Constantin Rhymes.

**AFFIRMED**.

NUMBER 12-1184

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

TIMOTHY JOHN RHYMES

VERSUS

DINA CONSTANTIN RHYMES

AMY, J., concurring in the result.

I concur with the lead opinion that an affirmation is appropriate in this case. However, I write separately and observe that the question placed before the lower court in this case involved only the determination of final periodic support under La.Civ.Code art. 112, an Article focused on the needs of the spouse rather than the needs of the children. Within that limited controversy, the trial court's ultimate judgment indicated only that "home-schooling is not a factor legally that is considered in *this* determination of final periodic spousal support." (Emphasis added.) In the context of the evidence presented and Article 112, I believe that such a determination is supported by the record.

While only the issue of final periodic support was before the court, Ms. Rhymes' argument regarding her desire to home-school the parties' children collapses concepts that, in my view, are attendant to custody and child support. This melding of concepts is seen by Ms. Rhymes' reliance on *Donna G.R. v. James B.R.*, 39,005 (La.App. 2 Cir. 7/2/04), 877 So.2d 1164, *writ denied*, 04-1987 (La. 9/3/00), 882 So.2d 550. Ms. Rhymes asserts in her brief that this second circuit case "jurisprudentially includes, home schooling, as a factor to be considered when awarding a home schooling parent final periodic support."

However, I do not find this matter analogous to *Donna G.R.*, 877 So.2d 1164, a case in which the trial court and the second circuit were presented with

separate rules for determining whether home-schooling was in the best interests of the children *and* for the determination of spousal support. Thus, the second circuit was able to more broadly reference statutory authority attendant to not only spousal support, but custody and child support as well.

The same is not true in this case and, therefore, I think reliance on *Donna G.R.* introduces those extraneous concepts to the limited question before the trial court and, in turn, this court. Specifically, in this case, Mr. Rhymes withdrew his formal objection to home-schooling, thus removing the question of whether home-schooling was in the children's best interests. The extent of that stipulation was relayed by Ms. Rhymes' counsel at the hearing that "the children will be allowed to be home-schooled by their mother[.]" I find no stipulation in the record regarding the best interests question, merely a withdrawal of the formal "rule to show cause why children should not be enrolled in the public school system." Accordingly, I refrain from venturing into such an inquiry here. Neither would I consider the issue of voluntary unemployment under La.R.S. 9:315.11, a concept related to child support.

Considering the limited question placed before the trial court, and based on the facts presented, I find no error in the trial court's ruling and would affirm the underlying judgment. As I reach that result by a different analysis from the lead opinion, however, I concur in the result.

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

TIMOTHY JOHN RHYMES

VERSUS

DINA CONSTANTIN RHYMES

**CONERY, J. dissents and assigns written reasons.**

Is homeschooling the children of a marriage a factor the court can consider when awarding permanent spousal support? The majority agrees with the trial court, finding the factors for a court to consider when awarding spousal support do not include consideration for homeschooling under La.Civ.Code art. 112. I disagree.

In this case, Timothy and Dina Rhymes made a decision after their first child was born in 1999 that Dina would give up her job as a mechanical engineer, stay at home, and homeschool their children, Lucy and Jack (12 and 8 years old, respectively, at the time of trial). When the couple divorced, Dina was designated as the domiciliary parent, and child support was set in accordance with the applicable child support guidelines and is not at issue here.

When Dina first filed for spousal support, Timothy filed a motion asking that homeschooling be discontinued. He withdrew his motion before trial. The question then became whether the couple's decision that Dina would continue to stay at home to homeschool the children is a factor the court should consider in evaluating Dina's claim for permanent spousal support. My simple answer is yes.

The list of factors in Article 112 is non-exclusive. *Knowles v. Knowles,* 02-331 (La.App. 3 Cir. 10/2/02), 827 So.2d 642. The Court in *Knowles* said:

> "The court must consider *all relevant factors* in determining the entitlement, amount and duration of final support." (Emphasis supplied.) Then *Article 112* goes on to list nine (9) factors that may be included in the court's analysis, only one of which is "*the needs of the parties.*"

*Id*. at 654-46 (quoting *Hammack v. Hammack,* 99-2809 (La.App. 1 Cir. 12/22/00), 778 So.2d 70, *writ denied,* 01-913 (La.05/25/01), 793 So.2d 166) (emphasis in original).

The fourth factor under Article 112 provides as a consideration, "[t]he effect of custody upon a party's earning capacity." Dina's "custody" includes the historic and continuing homeschooling of the children. Dina's homeschooling of the children is, therefore, a relevant factor under Article 112. Nothing in the law specifically excludes homeschooling as a consideration, especially where, as here, the parties agreed that the mother would forego her career as a mechanical engineer to stay home and care for and educate the children. Evidence at the trial showed, through independent testing, that the children are being well-educated.

Dina's need for final spousal support must be judged with the historical and continued agreement for Dina to stay home, care for, and homeschool the children rightfully considered. She has proven by a preponderance of the evidence that "the effect of custody upon a party's earning capacity," under the facts of this case establishes her need for final spousal support.

I would reverse the decision of the court below and remand for the trial court to properly consider the effect that the continued homeschooling of the children has on Dina's need for permanent spousal support, and for the trial court to set an appropriate amount.