CONERY, J.,
dissents and assigns written reasons.
his homeschooling the children of a marriage a factor the court can consider when awarding permanent spousal support? The majority agrees with the trial court, finding the factors for a court to consider when awarding spousal support do not include consideration for homeschooling under La.Civ.Code art. 112. I disagree.
In this case, Timothy and Dina Rhymes made a decision after their first child was born in 1999 that Dina would give up her job as a mechanical engineer, stay at home, and homeschool their children, Lucy and Jack (12 and 8 years old, respectively, at the time of trial). When the couple divorced, Dina was designated as the domiciliary parent, and child support was set in accordance with the applicable child support guidelines and is not at issue here.
When Dina first filed for spousal support, Timothy filed a motion asking that homeschooling be discontinued. He withdrew his motion before trial. The question then became whether the couple’s decision that Dina would continue to stay at home to homeschool the children is a factor the court should consider in evaluating Dina’s claim for permanent spousal support. My simple answer is yes.
The list of factors in Article 112 is nonexclusive. Knowles v. Knowles, 02-331 (La.App. 3 Cir. 10/2/02), 827 So.2d 642. The Court in Knowles said:
|2“The court must consider all relevant factors in determining the entitlement, amount and duration of final support.” (Emphasis supplied.) Then Article 112 goes on to list nine (9) factors that may be included in the court’s analysis, only one of which is “the needs of the parties.”
Id. at 654-46 (quoting Hammack v. Hammack, 99-2809 (La.App. 1 Cir. 12/22/00), 778 So.2d 70, writ denied, 01-913 (La.05/25/01), 793 So.2d 166) (emphasis in original).
The fourth factor under Article 112 provides as a consideration, “[t]he effect of custody upon a party’s earning capacity.” Dina’s “custody” includes the historic and continuing homeschooling of the children. Dina’s homeschooling of the children is, therefore, a relevant factor under Article 112. Nothing in the law specifically excludes homeschooling as a consideration, especially where, as here, the parties agreed that the mother would forego her career as a mechanical engineer to stay home and care for and educate the children. Evidence at the trial showed, through independent testing, that the children are being well-educated.
*291 Dina’s need for final spousal support must be judged with the historical and continued agreement for Dina to stay home, care for, and homeschool the children rightfully considered. She has proven by a preponderance of the evidence that “the effect of custody upon a party’s earning capacity,” under the facts of this case establishes her need for final spousal support.
I would reverse the decision of the court below and remand for the trial court to properly consider the effect that the continued homeschooling of the children has on Dina’s need for permanent spousal support, and for the trial court to set an appropriate amount.